UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY K LEE,<br><br>             Plaintiff,<br><br>    v.<br><br>CITY OF SAN JOSE, et al.,<br><br>             Defendants. | Case No.  23-cv-00778-BLF<br><br>**ORDER GRANTING IN PART WITH LEAVE TO AMEND, GRANTING IN PART WITHOUT LEAVE TO AMEND, AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>Re: ECF No. 11 |

This action arises out of an altercation in a Home Depot parking lot that led to Plaintiff Jimmy K. Lee's ("Plaintiff") arrest.  Plaintiff, proceeding *pro se*, asserts claims against Defendants City of San Jose (the "City") and San Jose police officer Michael Roberson ("Officer Roberson" or "Roberson," and, with the City, "Defendants") for false arrest, violation of 42 U.S.C. § 1983, violation of Plaintiff's *Brady* rights, and malicious prosecution.  Compl., ECF No. 2-4, at 60–100. Presently before the Court is Defendants' motion to dismiss Plaintiff's complaint under Rule 12(b)(6) (the "Motion").  *See* Mot., ECF No. 11.  Plaintiff opposes the Motion.  *See* Opp'n, ECF No. 12.  Defendants filed a reply.  *See* Reply, ECF No. 13.  Having considered the papers filed by both parties, the Court finds this matter suitable for resolution without oral argument.  L.R. Civ. 7-1(b).  For the reasons set forth below, the Court GRANTS IN PART WITH LEAVE TO AMEND, GRANTS IN PART WITHOUT LEAVE TO AMEND, and DENIES IN PART the Motion.

**I.    BACKGROUND**

   **A.    Factual Background**

On December 15, 2019, Plaintiff was involved in an altercation in the parking lot of a Home Depot.  Compl. ¶ 14.  The sequence of events is not entirely clear from the Complaint,[1] but

---

[1] The operative complaint was filed as a third amended complaint in the state court proceedings prior to the removal of the action, but the Court will refer to it as the "Complaint" in this Order.

it appears that Plaintiff was loading his purchases into his vehicle when a man (the "Alleged Victim") honked at him from a car. *See id.* ¶¶ 15, 19. Plaintiff and the Alleged Victim appear to have had a verbal argument that attracted the attention of at least three bystanders, including two Home Depot employees. *Id.* ¶¶ 15, 17, 20. Plaintiff then retrieved a plastic pipe, about two feet in length, after which one of the Home Depot employees told Plaintiff to drop the pipe. *Id.* ¶ 24. Plaintiff alleges he handed over the pipe. *Id.*

At some point, Roberson and other officers arrived on the scene. *Id.* ¶ 14. One of the Home Depot employees told the police that Plaintiff had made a death threat against the Alleged Victim; the driver confirmed that the Home Depot employee had informed him of the death threat but stated that he had not personally heard it; the second Home Depot employee stated that Plaintiff had thrown the pipe at her when she told him to drop it; and the third bystander said he had been talking to Plaintiff and had not heard a death threat, and that Plaintiff did not throw the pipe but rather tossed it. *See* Compl. ¶¶ 15–24. Plaintiff alleges that he did not make any death threat, and that both the Alleged Victim and a police officer had recognized that he might have been saying "I want to sue," rather than "I want to shoot." *Id.* ¶¶ 16, 30.

Plaintiff was then placed under arrest for making a death threat and for assault in violation of California Penal Code §§ 422(a) and 245(a)(1), respectively. *Id.* ¶¶ 32, 52. He alleges he was not informed of any charge or reason for the arrest. *Id.* ¶ 31. Plaintiff spent one day in jail before being released on bail. *Id.* The District Attorney charged Plaintiff with making a death threat. *See id.* ¶ 42. A Superior Court judge dismissed the case in October 2021 pursuant to California Penal Code § 1385[2]; the judge had previously found the prosecution had engaged in a *Brady* violation and that the case suffered from investigation bias. *Id.* ¶¶ 35, 41.

**B.   Procedural Background**

Plaintiff initially filed suit in Santa Clara County Superior Court against the City and other since-dismissed defendants. Not. of Removal, Exh. A-1, ECF No. 1-1, at 2–9. He twice amended

---

[2] The statute provides, in part: "The judge or magistrate may, either on motion of the court or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed." Cal. Penal Code § 1385(a).

his complaint on his own request. *See id.* at 70–78; Exh. A-2, ECF No. 1-2, at 45–76. The City demurred to Plaintiff's second amended complaint; the demurrer was overruled. Exh. A-7, ECF No. 2-1, at 54–67; Exh. A-9, ECF No. 2-3, at 38–43. The City answered the complaint, after which Plaintiff moved for and received leave to file a third amended complaint. Exh. A-10, ECF No. 2-4, at 12–48, 60–100. Plaintiff served the third amended complaint on the City, although it also asserted claims against Officer Roberson for the first time. *See id.* at 60–100. The City timely removed the action to this Court. *See* Not. of Removal, ECF No. 1. Defendants have since waived service as to Officer Roberson, and have indicated that Roberson is a party to the pending Motion, which was filed prior to the waiver of service. ECF Nos. 23, 25.

## II.    LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) concerns what facts a plaintiff must plead on the face of his claim. *See* Fed. R. Civ. P. 12(b)(6). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In interpreting the "short and plain statement" requirement, the Supreme Court has held a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which requires that "the plaintiff plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard does not require a plaintiff to plead facts that suggest he will probably prevail, but "it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). The Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519, F.3d 1025, 1031 (9th Cir. 2008). However, the Court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citation omitted).

The Court liberally construes the pleadings of *pro se* plaintiffs. *See, e.g.*, *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696 (9th Cir. 1988). However, *pro se* plaintiffs "must follow the same rules of procedure that govern other litigants." *Rupert v. Bond*, 68 F. Supp. 3d 1142, 1153

(N.D. Cal. 2014).

## III. DISCUSSION

Plaintiff asserts claims for (1) false arrest; (2) deprivation of rights in violation of 42 U.S.C. § 1983; (3) a separate § 1983 claim for a *Brady* violation; and (4) malicious prosecution under state law. Compl. ¶¶ 38–95. All four claims name the City as a defendant, and claims two and three additionally name Officer Roberson. *See id.* Defendants move to dismiss all four claims under Rule 12(b)(6). *See generally* Mot.

### A. False Arrest

Under California law, false arrest is the same tort as false imprisonment. *Martinez v. City of Los Angeles*, 141 F.3d 1373, 1379 (9th Cir. 1998) (noting false arrest is "one way of committing a false imprisonment") (quoting *Collins v. City & County of San Francisco*, 50 Cal. App. 3d 671, 673 (1975)). The elements of false imprisonment are "(1) the nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time, however brief." *Easton v. Sutter Coast Hosp.*, 80 Cal. App. 4th 485, 496 (2000) (citation omitted). A claim for false arrest "will lie [] where there has been an unlawful arrest followed by imprisonment." *City of Newport Beach v. Sasse*, 9 Cal. App. 3d 803, 810 (1970). Once a plaintiff establishes the elements of a false arrest claim, "the burden shifts to the defendant to show a justification for the arrest." *Levin v. United Air Lines, Inc.*, 158 Cal. App. 4th 1002, 1018 (2008).

A warrantless arrest is justified if the arresting officer has "reasonable cause to believe the arrest was lawful," Cal. Penal Code § 847(b)(1), such as if the officer has "probable cause to believe the person to be arrested has committed a felony, whether or not a felony, in fact, has been committed," *id.* § 836(a)(3).[3] *See Levin*, 158 Cal. App. 4th at 1019 (finding warrantless arrest justified where defendants showed "officers were aware of facts that would cause *a reasonable person* to suspect a crime had been committed"). The existence of probable cause is a question of law if the underlying facts giving rise to the arrest are undisputed, but a question of fact arises if the "evidence is conflicting with respect to probable cause." *Id.* at 1018–19.

---

[3] Under California law, "[t]he terms reasonable cause and probable cause as used in the context of an arrest appear to be interchangeable." *Levin*, 158 Cal. App. 4th at 1017 n.18 (citations omitted).

4

Defendants' sole argument is that the Complaint establishes on its face that Plaintiff's arrest was justified because the allegations show that the officers on the scene had probable cause. Mot. 8–11; Reply 2–8. Plaintiff contends that (1) the facts in the Complaint, which must be taken as true at this stage, establish that there was no probable cause for his arrest, Opp'n 1–11, and (2) the Court's order must be consistent with the state court's order overruling the City's demurrer, *id.* at 12–13. Regarding the latter point, as Defendants point out, the state court's demurrer decision does not preclude this Court from reexamining the issue of probable cause. Reply 7–8; *cf. United States v. Smith*, 389 F.3d 944, 948 (9th Cir. 2004) ("Under the 'law of the case' doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case.") (citation omitted). Thus, the federal court is not bound by the state court ruling.

Accepting as true all well-pled facts[4] and construing them in the light most favorable to Plaintiff, the Complaint alleges that three bystander witnesses—two Home Depot employees, Billings and Coakley, and a third individual, Thompson—and the Alleged Victim made statements to the police. The three bystander witnesses all stated that Plaintiff had a plastic pipe in hand at some point during his altercation with the Alleged Victim. Compl. ¶¶ 19, 20, 24. Coakley said that she told Plaintiff to drop the pipe, that he then threw the pipe at her, and that it landed in her vehicle; the police later recovered the pipe from her vehicle. *Id.* ¶ 20, 28. Thompson stated that Plaintiff did not throw the pipe but that it "was a kind of toss" to Coakley. *Id.* ¶ 24. Billings did not mention a throw, but told the police that Plaintiff hit the Alleged Victim's car window with the pipe after threatening to "shoot" the driver. *Id.* ¶¶ 15, 19. Thompson said he did not hear a threat and did not see Plaintiff strike the Alleged Victim's car. *Id.* ¶¶ 17, 20. There is no statement from the Alleged Victim about the pipe. *See generally id.* The Alleged Victim did not hear Plaintiff say he would "shoot," but instead "thought he meant [']sue,['] because of his accent," until the hearing Billings claim that Plaintiff had said "shoot." *Id.* ¶ 16. Officer Roberson told the Alleged

---

[4] The Court does not accept as true, for example, Plaintiff's conclusory allegations that there was no probable cause for his arrest. *See, e.g.*, Compl. ¶ 44; *see In re Gilead Scis. Sec. Litig.*, 536 F.3d at 1055.

1  Victim, "There isn't any damage. . . . I need to know from you, though, if you actually wish to be
2  a victim because of the comment that he made."  Compl. ¶ 22.
3        As noted by Defendants, Mot. 10, officers may rely on victim and witness statements in
4  determining probable cause.  *Gillian v. City of San Marino*, 147 Cal. App. 4th 1033, 1045 (2007)
5  ("It may [] be stated as a general proposition that private citizens who are witnesses to or victims
6  of a criminal act, absent some circumstance that would cast doubt upon their information, should
7  be considered reliable."), *disapproved of on other grounds by Leon v. County of Riverside*, 14 Cal.
8  5th 910 (2023).  The police may therefore be considered to have received differing and at times
9  contradictory information from reliable witnesses about whether Plaintiff threatened the Alleged
10  Victim, hit the Alleged Victim's window with a pipe, or threw the pipe at Coakley.  *See id.*
11  Accordingly, the allegations in the Complaint at this point indicate a question of fact as to whether
12  the officers had probable cause to arrest Plaintiff for a death threat or assault.  *See Levin*, 158 Cal.
13  App. 4th at 1018–19; *cf. Tensley v. City of Spokane*, 267 F. App'x 558, 560 (9th Cir. 2008)
14  (finding probable cause for arrest based on "detailed and broadly consistent" statements of two
15  adult witnesses and other indicia establishing the information was "reasonably trustworthy"); *Cole*
16  *v. Johnson*, 197 Cal. App. 2d 788, 790, 793 (1961) (finding probable cause for plaintiff's arrest
17  where sole witness provided description and repeated identification).  The Court cannot resolve
18  questions of fact on a motion to dismiss.  *See, e.g.*, *Cook, Perkiss & Liehe, Inc. v. N. Cal.*
19  *Collection Serv., Inc.*, 911 F.2d 242, 245 (9th Cir. 1990) ("It is well-established that questions of
20  fact cannot be resolved or determined on a motion to dismiss for failure to state a claim upon
21  which relief can be granted.") (citation omitted).
22        For the foregoing reasons, the Court will deny Defendants' motion to dismiss Plaintiff's
23  claim for false arrest against the City.
24      **B.**    **42 U.S.C. § 1983**
25        Plaintiff asserts claims under 42 U.S.C. § 1983 against both Defendants for violations of
26  his Fourth and Fourteenth Amendment right against unreasonable seizure and his rights under the
27  Due Process and Equal Protection Clauses of the Fourteenth Amendment.  Compl. ¶¶ 64, 66.
28  "Section 1983 does not create any substantive rights; rather it is the vehicle whereby plaintiffs can

United States District Court
Northern District of California

challenge actions by governmental officials. To prove a case under section 1983, the plaintiff must demonstrate that (1) the action occurred 'under color of state law' and (2) the action resulted in the deprivation of a constitutional right or federal statutory right." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (citation omitted). Defendants do not dispute that Officer Roberson or any other officer was acting under color of state law. *See* Mot. 11–16.

### 1. Claims Against the City

Plaintiff alleges that the City is liable under 42 U.S.C. § 1983 for Officer Roberson's conduct, both under the *respondeat superior* doctrine and any other theory of which Plaintiff is unaware. *See* Compl. ¶ 63. The Supreme Court has held that municipalities "cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 691 (1978). Instead, a municipality may only be liable under § 1983 only "when execution of [its] policy or custom . . . inflicts the injury." *Id.* at 694. As Plaintiff asserts *Monell* arguemnts, Opp'n 13–15, the Court will review whether Plaintiff has stated a *Monell* claim against the City.

"In order to establish liability for governmental entities under *Monell*, a plaintiff must prove '(1) that [the plaintiff] possessed a constitutional right of which [s]he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation.'" *Dougherty v. City of Covina*, 654 F.3d 892, 900 (alterations in original) (quoting *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997)). Policies may be written or may be unwritten customs and practices. *Benavidez v. County of San Diego*, 993 F.3d 1134, 1153 (9th Cir. 2021) (internal citations omitted). To hold a municipality liable for an unwritten custom or practice, a plaintiff must "prove the existence of a widespread practice that . . . is 'so permanent and well settled as to constitute a "custom or usage" with the force of law.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167-168 (1970)). "Liability for improper custom may not be predicated on isolated or sporadic incidents"; rather, "[t]he custom must be so persistent and widespread that it constitutes a permanent and well settled city policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) (internal citations omitted).

7

Defendants argue that Plaintiff does not state a *Monell* claim because he has not pointed to any policy or similar source of municipal law of the City, or any other instance where a similar allegedly wrongful arrest occurred. Mot. 12–13. Plaintiff argues that his allegations are sufficient to identify five suspect policies, customs, or regulations: (1) enforcing laws "as the primary joint function of both [the] City and its officers as the common goal of execution of identical sets of both city and state laws"; (2) warrantless arrests; (3) arrests made without probable cause; (4) improper evidence collection and handling procedures; and (5) disparate treatment of suspects on the basis of class or race. Opp'n 15; *see id.* at 13–19. Plaintiff does not point to any written instrument expressing these asserted policies, and the Court therefore reviews the Complaint as alleging an unwritten custom. The Complaint further alleges that the City "failed to adopt clear policies and failed to properly train its police as to the proper role of officers in the law enforcement field." Compl. ¶ 68.

### a. Enforcing Laws

The Court can find no suggestion of a constitutional violation in Plaintiff's first enunciated suspect policy, and therefore finds that Plaintiff cannot state a *Monell* claim on this ground.

### b. Warrantless Arrests

Because warrantless arrests are constitutional under proper circumstances, a policy or custom of such arrests cannot be the basis for a *Monell* claim. *See, e.g.*, *Gerstein v. Pugh*, 420 U.S. 103, 113–14 (1975) ("[W]hile the Court has expressed a preference for the use of arrest warrants when feasible, . . . it has never invalidated an arrest supported by probable cause solely because the officers failed to secure a warrant.") (internal citations omitted).

### c. Arrests Made Without Probable Cause

A municipal policy of conducting arrests without probable cause may form the basis of *Monell* liability. *See Johnson v. Hawe*, 388 F.3d 676, 679 (9th Cir. 2004) (reversing summary judgment on *Monell* claim based on officer's violation of plaintiff's Fourth Amendment right to be free of arrest without probable cause). However, the Complaint includes no facts indicating the City employed a "persistent and widespread" custom of executing arrests without probable cause. *Trevino*, 99 F.3d at 918 (internal citations omitted). Plaintiff must plead additional facts—not

8

conclusory assertions or "formulaic recitations of the existence of unlawful policies, customs, or habits," *Sanderlin v. City of San Jose*, No. 20-cv-04824, 2022 WL 913055, at *14 (N.D. Cal. Mar. 29, 2022)—showing the existence of such a policy or custom.

### d. Improper Evidence Collection and Handling

Plaintiff alleges that the City concealed and manipulated evidence in the course of a biased investigation, including by suppressing exculpatory evidence and statements. Compl. ¶ 66. But again, the Complaint alleges no well-pled facts indicating that the City had a custom or practice of mishandling evidence beyond the single incident regarding Plaintiff. *See Trevino*, 99 F.3d at 918 ("Liability for improper custom may not be predicated on isolated or sporadic incidents.").

### e. Disparate Treatment of Suspects Based on Class or Race

Plaintiff alleges that the police treated him differently from the others at the scene of the altercation because they had a preferential bias for whiteness. Compl. ¶ 30. Although Plaintiff does not allege his own race, he alleges that Billings referred to him as a Vietnamese man, and that the Alleged Victim mentioned Plaintiff's accent to the police. *Id.* ¶¶ 15–16, 19. The Court notes that even if Plaintiff's nationality is Vietnamese, there are no allegations as to his race; however, the Court can reasonably infer from these allegations and Plaintiff's claim of racial bias that Plaintiff is not white and was perceived as Vietnamese. To the extent Plaintiff is arguing that the City is liable under *Monell* for a pervasive and longstanding custom of violating suspects' equal protection rights, he has included no facts to support such an argument.

### f. Failure to Train

Plaintiff's allegation that the City "failed to adopt clear policies and failed to properly train its police as to the proper role of officers in the law enforcement field," Compl. ¶ 68, is "so vague as to be meaningless," *Sanderlin v. City of San Jose*, No. 20-cv-04824, 2021 WL 2662094, at *3 (N.D. Cal. June 29, 2021). To state a *Monell* claim for failure to train, Plaintiff must include facts that show the City's failure "amounts to deliberate indifference to the rights of persons with whom the employee [who caused a constitutional violation] comes into contact." *Long v. County of Los Angeles*, 442 F.3d 1178, 1186 (9th Cir. 2006) (citation omitted). In considering any amendment, Plaintiff should be aware that a city is liable for such a failure under § 1983 "[o]nly where a failure

9

1   to train reflects a 'deliberate' or 'conscious' choice by a municipality—a 'policy' as defined by
2   our prior cases." *City of Canton v. Harris*, 489 U.S. 378, 389 (1989)). Put another way, the
3   standard is met when "the need for more or different training is so obvious, and the inadequacy so
4   likely to result in the violation of constitutional rights, that the policymakers of the city can
5   reasonably be said to have been deliberately indifferent to the need." *Id.* at 390. And because "[a]
6   municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a
7   failure to train," "[a] pattern of similar constitutional violations by untrained employees is
8   'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train."
9   *Connick v. Thompson*, 563 U.S. 51, 61, 62 (2011) (citations omitted).

For the foregoing reasons, the Court GRANTS the motion to dismiss Plaintiff's § 1983 claims against the City WITH LEAVE TO AMEND.

### 2. Claims Against Officer Roberson

Defendants argue the Court should dismiss Plaintiff's § 1983 claims against Officer Roberson because the Complaint is not clear as to which allegations pertain directly to Roberson, and because the claims, even if directed to Roberson, do not plead all the elements for any alleged constitutional violation. Mot. 13–16. Plaintiff argues that all allegations are directed to Officer Roberson because Roberson is the only police officer identified by name and as a defendant in the Complaint, and that his claims are sufficiently pled. Opp'n 15–19.

Liability under § 1983 requires a showing of "personal participation in the alleged rights deprivation." *Jones*, 297 F.3d at 936. That is, there is no constitutional violation "merely for being present at the scene of an alleged unlawful act." *Id.* Because Plaintiff's allegations make clear that multiple officers were present at the scene of the altercation, *see, e.g.*, Compl. ¶¶ 10, 27, the Court will only consider those allegations where Officer Roberson is identified by name, or where his personal participation is otherwise apparent, in evaluating Plaintiff's claims.

#### a. Fourteenth Amendment – Equal Protection

Plaintiff alleges a violation of his rights under the Equal Protection Clause. *Id.* ¶ 64. "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose

to discriminate against the plaintiff based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (citations omitted). Defendants argue that Plaintiff has not pled facts showing Officer Roberson intentionally discriminated against him based on his membership in a protected class. Mot. 15. The Court agrees, as it can find no allegations as to Officer Roberson's intent. At best, the Complaint permits a reasonable inference that Roberson knew that Plaintiff was not white, and that the other individuals involved were white. *See* Compl. ¶¶ 15, 19 (Billings described Plaintiff as Vietnamese to unidentified officers); *id.* ¶¶ 16, 29, 72 (Alleged Victim noted to Roberson that Plaintiff spoke with an accent); *id.* ¶¶ 30, 40 (Roberson's partner commented that Plaintiff's saying "I want to sue" might have been "misconstrued as [']shoot[']"); *id.* ¶ 30 (unidentified officers "chose to completely ignore" Plaintiff's account and "[t]he only identifiable difference was race in that the police [were] biased on white[ness]"). Plaintiff also alleges that the "police officers" were "likely[] . . . racist and egotistical [and] just wanting to arrest people to get merit for their performance." *Id.* ¶ 39. The Court cannot ascribe this general allegation to Officer Roberson, *see Jones*, 297 F.3d at 936, but even if it could, the allegation itself suggests that the arrest was made for performance incentives, not due to a racially discriminatory intent.

Further, Plaintiff argues that his equal protection claim is not based on race, but rather on the disparity of the treatment he received in comparison to the Alleged Victim, *i.e.*, the Alleged Victim. Opp'n 17–18. The Supreme Court has "recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam). Reviewing the allegations in the light most favorable to Plaintiff, the Complaint alleges that Officer Roberson interacted with Plaintiff, such as by telling Plaintiff, "Stay right there. Okay?" and saying, "He beeps, okay? You end up getting mad and yelling at him. You hit his car window with your hands. You're mad at him for beeping at you. I can understand that. Okay? Then you go back to your car and you get this [] PVC pipe. You go back over to his car and his window's rolled up and you hit his window with it." Compl. ¶ 26. Officer Roberson also spoke to the Alleged Victim

11

1   about the sequence of events during the altercation. *Id.* ¶ 22. Plaintiff alleges the police heard
2   from both him and the Alleged Victim, "but chose to completely ignore [my side], and biased their
3   crime report against me." *Id.* ¶ 30. These allegations do not show that Plaintiff was similarly
4   situated to other suspects of crime who were treated differently.

5   Accordingly, Plaintiff's equal protection claim will be dismissed. To the extent Plaintiff
6   seeks to plead an equal protection claim based on intentional discriminatory treatment due to his
7   race, he may amend the claim. The Court declines, however, to grant leave to amend to the extent
8   Plaintiff seeks to plead an equal protection claim for a class of one. The Ninth Circuit has
9   recognized that, "unless constrained, the class-of-one theory of equal protection claim[s] could
10  provide a federal cause of action for review" of nearly all government decisions. *Engquist v. Or.
11  Dep't of Agric.*, 478 F.3d 985, 993 (9th Cir. 2007) (citation omitted). Here, Plaintiff would have
12  to plead "specific factual allegations" to "identify how he [] is similarly situated to others" who
13  were arrested by Officer Roberson, yet were treated differently. *Andy's BP, Inc. v. City of San
14  Jose*, No. No. 12–CV–01631, 2013 WL 485657, at *5–6 (N.D. Cal. Feb. 6, 2013). Although leave
15  to amend should be freely given, the Court need not grant such leave if it determines that
16  permitting amendment would be an exercise in futility. See *Enriquez v. Aurora Loan Servs., LLC*,
17  509 F. App'x 607, 608 (9th Cir. 2013); *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729,
18  738 (9th Cir. 1987) (finding appropriate denial of leave to amend "where the pleadings before the
19  court demonstrate that further amendment would be futile."). In light of the stringent requirements
20  to plead a class of one claim and lack of indication that Plaintiff could plead the necessary specific
21  facts, the Court determines that amendment would be futile.

22                        **b.      Fourth Amendment – Arrest Without Probable Cause**

23  As discussed above, Plaintiff has plausibly stated a claim for false arrest based on his
24  alleged warrantless arrest without probable cause. *See supra* Section III.A. "It is well established
25  that 'an arrest without probable cause violates the Fourth Amendment and gives rise to a claim for
26  damages under § 1983.'" *Rosenbaum v. Washoe County*, 663 F.3d 1071, 1076 (9th Cir. 2011)
27  (quoting *Borunda v. Richmond*, 885 F.2d 1384, 1391 (9th Cir. 1988)). The Complaint alleges that
28  Officer Roberson made the decision to arrest Plaintiff. Compl. ¶ 41. Accordingly, Plaintiff has

12

1  stated a § 1983 claim against Officer Roberson for arresting him without probable cause, and the
2  Court will deny Defendants' motion to dismiss on this claim.

### c. Fourteenth Amendment – Failure to Collect and Suppression of Exculpatory Evidence

Plaintiff alleges that Officer Roberson violated his due process rights by failing to collect two pieces of exculpatory evidence:  (1) a jacket that he had been holding during the altercation that may have looked like a pipe from a distance and (2) the Alleged Victim's cell phone that contained a video of some part of the altercation on which there is no audio of a death threat. Compl. ¶¶ 28–29, 40, 43, 66, 69.  Plaintiff additionally alleges that the state court found a *Brady* violation based on the District Attorney's failure to produce the video, *id.* ¶ 40, but the District Attorney's acts and trial court finding cannot be imputed to Officer Roberson.  *See Jones*, 297 F.3d at 936 (requiring claims of constitutional violations be particularized to defendant); Mot. 17.

A plaintiff bringing a § 1983 claim based on a police officer's withholding of exculpatory material is not required to show bad faith, but must show that the officer "acted with deliberate indifference to or reckless disregard for an accused's rights or for the truth in withholding evidence from prosecutors." *Tennison v. City & County of San Francisco*, 570 F.3d 1078, 1088 (9th Cir. 2009).  The Court finds implausible Plaintiff's allegation that his jacket constituted exculpatory evidence because it could be mistaken for a plastic pipe.  *See Bell Atl. Corp.*, 550 U.S. at 570.  Plaintiff therefore has not stated a § 1983 claim based on Officer Roberson's refusal to collect the jacket as evidence.

As for the cell phone video, Plaintiff's own allegations—including that Roberson discussed the contents of the cell phone video while his bodycam was recording, Compl. ¶ 29, and that the "video was later acquired by the District Attorney," *id.* ¶ 40—contradict the proposition that Officer Roberson "acted with deliberate indifference to or reckless disregard for [Plaintiff's] rights or the truth" when Roberson returned the cell phone to the Alleged Victim.  Because Plaintiff does not plausibly allege Officer Roberson concealed and suppressed exculpatory evidence in the form of Plaintiff's jacket and the Alleged Victim's cell phone video, his § 1983 claims based on these actions will be dismissed.  The Court additionally finds that amendment on

this claim would be futile, and will therefore deny leave to amend. *See Garmon v. County of Los Angeles*, 828 F.3d 837, 846 (9th Cir. 2016) (noting denial of leave to amend appropriate where plaintiff could not amend the complaint to state a viable claim 'without contradicting any of the allegations of his original complaint.'") (citation omitted).

### d. Other § 1983 Claims Against Officer Roberson

The Motion makes clear that Defendants seek dismissal of all § 1983 claims. *See* Mot. 11–16. Plaintiff appears to argue that he has alleged other constitutional violations that Defendants have not challenged, including witness tampering, false imprisonment "at the very beginning of the police encounter, "coercion of false confession," "biased or fake investigation," abuse of power, and abuse of process. Opp'n 18–19. Plaintiff does not cite to any allegations supporting these asserted claims. *See id.* Upon careful review of the Complaint, these claims appear to be based on allegations so conclusory as to be unintelligible. *See* Compl. ¶ 47 ("They unreasonably seized and detained me without reason to suspect I was involved in a crime even before any investigations were had, and escalated my detention as false imprisonment beyond the permissible scope of an investigatory stop without probable cause."); *id.* ¶ 66 (alleging the City and its police department "tampered witnesses, outset false imprisoned, coerced false confession, concealed video and jacket as evidence, conducted biased or fake investigation, manipulated evidence, suppressed exculpatory evidence and statements, unreasonably seized me, abused power and abused process in violation of the Fourth Amendment . . . .").

Accordingly, the Court will grant Defendants' motion to dismiss with leave to amend as to the additional claims described in this section.

### C. *Brady* Violation (42 U.S.C. § 1983)

Plaintiff asserts a separate § 1983 claim against Defendants for concealing and suppressing of exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny. Compl. ¶¶ 71–82. The three components of a *Brady* violation are that "[t]he evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *Strickler v. Greene*, 527 U.S. 263, 281–82 (1999).

14

### 1. Claim Against the City

As discussed above, any § 1983 claim against the City must satisfy *Monell*. *See supra* Section III.B.1. Although Plaintiff's opposition makes arguments related to the necessary showing under *Monell*, *see, e.g.*, Opp'n 19 (arguing the City employed a custom or policy of defective training regarding evidence collection), the Complaint does not allege any facts establishing the necessary *Monell* elements. This claim will be dismissed with leave to amend, and Plaintiff is once more cautioned that any additional facts in support of this claim must be more than conclusory assertions or formulaic recitations of the elements. *See supra* Section III.B.1.a.

### 2. Claim Against Officer Roberson

Plaintiff's *Brady* violation claim against Officer Roberson is duplicative of his claim against Roberson for failure to collect and suppression of evidence. *See* Compl. ¶¶ 72, 80–82. For the same reasons set forth above, the Court will dismiss this claim without leave to amend. *See supra* Section III.B.2.c

### D. Malicious Prosecution

Lastly, Plaintiff asserts a state law claim for malicious prosecution against the City. Compl. ¶¶ 83–95. Defendants argue that the claim must be dismissed because California Government Code § 821.6 precludes malicious prosecution claims against government entities. Mot. 18. The statute provides that "[a] public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause." Cal. Gov't Code § 821.6. In discussing this statute, the California Supreme Court has noted that "because no statute imposes liability on public entities for malicious prosecution, public entities likewise are immune from liability." *Sullivan v. County of Los Angeles*, 12 Cal. 3d 710, 720 (1974).

Plaintiff appears to argue that the statute and *Sullivan* are unconstitutional to the extent they run afoul of the Fourteenth Amendment's mandate that "[n]o State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States." Opp'n 23–24. Because Plaintiff provides no further support for this argument, the Court does not address it. The Court further rejects Plaintiff's argument that the statute applies only to individuals, rather

15

than entities, based on the clear statement of the law in *Sullivan*. Accordingly, Plaintiff's malicious prosecution claim under state law will be dismissed without leave to amend.

Additionally, Plaintiff seeks leave to amend the Complaint to add a federal § 1983 claim for malicious prosecution, citing his recent discovery of the claim in *Thompson v. Clark*, 142 S. Ct. 1332 (2022). Opp'n 24–25. Defendants do not respond to Plaintiff's request for leave to add this claim. *See generally* Reply. Courts freely give leave to amend, and the Court will do so here, particularly as Plaintiff's Complaint was removed from state to federal court.

## IV. ORDER

For the foregoing reasons, the Court hereby ORDERS as follows:

1. Defendants' motion to dismiss Plaintiff's claim for false arrest is DENIED;
2. Defendants' motion to dismiss Plaintiff's § 1983 claims against the City, including the separate *Brady* claim, is GRANTED WITH LEAVE TO AMEND;
3. Defendants' motion to dismiss Plaintiff's § 1983 claims against Officer Roberson is DENIED with respect to Plaintiff's claim based on his arrest without probable cause; GRANTED WITHOUT LEAVE TO AMEND with respect to the alleged evidentiary misconduct, the separate *Brady* claim, and any class of one equal protection claim; and GRANTED WITH LEAVE TO AMEND with respect to Plaintiff's traditional equal protection claim and other alleged constitutional violations; and
4. Defendants' motion to dismiss Plaintiff's state law claim for malicious prosecution is GRANTED WITHOUT LEAVE TO AMEND. Plaintiff is GRANTED leave to amend to add a malicious prosecution claim under § 1983.
5. Plaintiff SHALL file any amended complaint within 21 days of the entry of this order; *i.e.*, any amended complaint must be filed by 11:59 p.m. on August 28, 2023.

**IT IS SO ORDERED.**

Dated: August 7, 2023

BETH LABSON FREEMAN
United States District Judge