UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY K LEE,<br><br>                Plaintiff,<br><br>        v.<br><br>CITY OF SAN JOSE, et al.,<br><br>                Defendants. | Case No. 23-cv-00778-PCP<br><br><br>**ORDER DENYING MOTION TO STRIKE AND GRANTING IN PART MOTION TO DISMISS**<br><br>Re: Dkt. No. 35 |

Pro se plaintiff Jimmy K. Lee is representing himself in this case against the City of San Jose and police officer Michael Roberson. Mr. Lee alleges that he was arrested in December 2019 following an altercation. After the charges against him were dismissed, Mr. Lee brought claims against the City and Officer Roberson for false arrest, violations of 42 U.S.C. § 1983, and malicious prosecution. On August 7, 2023, the Court dismissed several of these claims, some with leave to amend. Mr. Lee then filed the present amended complaint, and Defendants now move to strike portions of the complaint and to dismiss some of his claims. For the reasons that follow, the motion to strike is denied and the motion to dismiss is granted as to all Section 1983 claims against the City and as to the Section 1983 claims against Officer Roberson other than the arrest claim. The other claims may proceed.

## I.      Background

The amended complaint alleges the following facts. Mr. Lee was arrested on December 15, 2019 following an altercation at a Home Depot parking lot. He got into a verbal argument with a man he calls the "alleged victim." After Officer Roberson and other police officers arrived, a Home Depot employee told police Mr. Lee had threatened the other man. The employee says he heard Mr. Lee say, "I'm going to sue him," "I'm going to get a gun," and "I'm gonna kill you. I'm

gonna shoot you." The alleged victim told police, "I didn't hear him say, 'I'm going to shoot you,'" instead stating, "I thought he meant sue, because of his accent, and not shoot." Mr. Lee maintains that he never made a death threat. Several bystanders also say they saw Mr. Lee pick up a PVC pipe from his car at some point, which Mr. Lee says was for self-defense. One Home Depot employee says he saw Mr. Lee "whap" the alleged victim's car with the pipe, but Mr. Lee contests this. Eventually, Mr. Lee either "threw," "toss[ed]" or "hand[ed ]" the pipe to a different employee.

Mr. Lee was placed under arrest for making a death threat and for assault in violation of California Penal Code §§ 422(a) and 245(a)(1). He spent a day in jail before being released on bail. The District Attorney brought charges, but the state court dismissed them in October 2021 under a statute authorizing dismissal "in furtherance of justice." *See* Cal. Pen. Code § 1385(a).

The witness statements were captured by the responding officers' bodycams. The alleged victim also recorded at least part of the incident on his own cell phone. Police officers including Officer Roberson reviewed the cell phone video at the scene and were recorded on bodycam discussing the video's contents. Mr. Lee pleads that the cell phone video was "finally produced as exculpatory evidence," although he alleges that at the time of arrest, Officer Roberson failed to retain the video after viewing it. Mr. Lee alleges that Officer Roberson "intentionally suppressed" the existence of the video in his police report to the D.A., who Mr. Lee now claims was "never aware of the existence of such cell videos." The specifics are not clear, but Mr. Lee appears to claim that while at least one video was eventually produced, this video "contains only the tail end of the incident" and "had been cut." He claims there are other exculpatory cell videos in existence. He further claims that, at the time of his state court criminal hearing, the prosecutor told the judge that the alleged victim still had relevant videos on his cell phone. Mr. Lee says these videos were never produced to him because the entire case against him was dismissed.

After the criminal case was dismissed, Mr. Lee filed the present suit in state court, which Defendants removed to this Court. On August 11, 2023, after the Court dismissed some of his claims with leave to amend, Mr. Lee filed the present amended complaint. Defendants now move to strike portions of the new complaint and to dismiss some of his claims.

## II. Legal Standards

Rule 12(b)(6) governs dismissal for "failure to state a claim upon which relief can be granted." A complaint must "plausibly suggest" that the plaintiff is entitled to relief, with facts that allow the Court "to draw the reasonable inference that the defendant is liable." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681 (2009). The Court must "accept all factual allegations … as true and construe the pleadings in the light most favorable to the nonmoving party." *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1029–30 (9th Cir. 2009).

Rule 12(f) allows the Court to "strike … any redundant, immaterial, impertinent, or scandalous matter." A motion to strike is a drastic remedy. These motions are generally disfavored and not granted unless the moving party can clearly show that the challenged material could not possibly relate to the controversy and that allowing it to remain would cause significant prejudice. *See, e.g.*, *Digit. Verification Sys., LLC v. Foxit Software Inc.*, 21-CV-08529-YGR, 2022 WL 2800081 (N.D. Cal. Jan. 11, 2022); *Freeman v. ABC Legal Servs., Inc.*, 877 F. Supp. 2d 919, 923 (N.D. Cal. 2012); 5C Wright & Miller, *Fed. Prac. & Proc. Civ.* § 1382 (3d ed.) (collecting cases).

Pleadings by pro se plaintiffs like Mr. Lee "are liberally construed, particularly where civil rights claims are involved." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

## III. Discussion

The Court previously denied Defendants' motion to dismiss several of Mr. Lee's claims but granted it as to others, dismissing some claims with leave to amend and some without. Mr. Lee then filed the amended complaint Defendants now challenge. In the interest of clarity, the status of each claim in Mr. Lee's Fourth Amended Complaint is addressed in sequence below.

### A. The State Law False Arrest Claims Against the City May Proceed.

Mr. Lee's first cause of action is a state law false arrest claim against the City. The Court previously denied Defendants' motion to dismiss this claim because the pleadings raise a question of fact as to whether the police officers had probable cause. This claim therefore remains.

Defendants move to strike allegations that Mr. Lee has added to this portion of the complaint pertaining to the cell phone video Officer Roberson allegedly failed to preserve, which Defendants say is immaterial to the false arrest claim. Defendants have not shown, however, that

United States District Court
Northern District of California

these allegations could not possibly relate to any part of the subject matter of this case, nor have they explained how any prejudice would result if the allegations remain. Rules 8 and 12 set a high bar for the factual allegations a plaintiff must make in order to plausibly state a claim and avoid dismissal. It is therefore not surprising that a complaint may sometimes include more allegations than strictly necessary to state a claim. But overinclusion alone does not require that material be stricken under Rule 12(f)—especially where, as here, a party is proceeding pro se.

Further, while one of the claims based on the cell phone video allegations has indeed been dismissed, there are other active claims to which these allegations might still pertain. For example, in paragraph 105 of the amended complaint as part of his malicious prosecution claim against Officer Roberson, Mr. Lee alleges that Officer Roberson's "dismissal of … contrary evidence" and "intentional suppression of evidence" demonstrate that Officer Roberson acted with malice.

Motions to strike are drastic and disfavored. The burden is on the moving party to show that the challenged material "clearly could have no possible bearing on the subject of the litigation." *Holmes v. Elec. Document Processing, Inc.*, 966 F. Supp. 2d 925, 930 (N.D. Cal. 2013). "If there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion." *Id.* Defendants have not met this burden, and their motion to strike paragraph 42 is therefore denied.

**B.     The Section 1983 Claims Are Dismissed Except for the Arrest Claim Against Officer Roberson.**

Mr. Lee's second cause of action includes Section 1983 claims against both the City and Officer Roberson. The claims against the City are dismissed. The claim against Officer Roberson for arrest without probable cause remains, but the other claims against him are also dismissed.

**1.     The Section 1983 Claims Against the City Are Dismissed.**

In its previous order, the Court dismissed Mr. Lee's Section 1983 claims against the City, including the claim under *Brady v. Maryland*, 373 U.S. 83 (1963), with leave to amend. As the Court pointed out, under *Monell v. Department of Social Services*, municipalities cannot be liable under Section 1983 based on a respondeat superior theory but can be liable if an unwritten custom amounting to deliberate indifference of a plaintiff's constitutional rights results in a deprivation of

4

1    those rights. *See* 436 U.S. 658, 691 (1978). After reviewing five alleged unwritten customs and an

2    alleged failure to train, the Court previously determined that Mr. Lee had not stated a *Monell* claim

3    on any of these grounds and dismissed these claims against the City with leave to amend.

4            In his amended complaint, Mr. Lee again alleges that the City and Police Department had a

5    "policy or custom … of assisting victims in depriving suspects without warrant and without

6    probable cause." The Court had previously dismissed this allegation, explaining that Mr. Lee

7    "must plead additional facts," not just "conclusory assertions," showing that there was a

8    "'persistent and widespread' custom of executing arrests without probable cause." The Court also

9    explained that because "warrantless arrests are constitutional under proper circumstances, a policy

10   or custom of such arrests cannot be the basis for a *Monell* claim." Mr. Lee has now added three

11   case citations to this section of his amended complaint. But the existence of three cases against the

12   City, parallel as they may be, is not enough to plausibly allege a widespread custom of executing

13   arrests without probable cause. Indeed, these court decisions do not support Mr. Lee's allegations.

14   The order Mr. Lee cites in *Ferris* granted the City's motion to dismiss, including the plaintiff's

15   false arrest and *Monell* claims under Section 1983. *See Ferris v. City of San Jose*, No. 11-CV-

16   01752-LHK (N.D. Cal. Nov. 16, 2011). In both *Ruiz* and *Garcia*, the parties settled their claims.

17   *See Ruiz v. City of San Jose*, No. 17-CV-06488-LHK (N.D. Cal. Nov. 12, 2018); *Grijalva v. City

18   of San Jose*, No. 18-CV-01853-EJD (N.D. Cal. Jul. 19, 2018). Mr. Lee has not added any other

19   substantial factual allegation to this cause of action. As a result, the complaint still fails to state a

20   Section 1983 claim against the City. The Section 1983 claims against the City are therefore

21   dismissed without further leave to amend.

22           **2.      The Section 1983 Arrest Claim Against Officer Roberson May Proceed.**

23           In its previous order, the Court concluded that Mr. Lee had stated a Section 1983 claim

24   against Officer Roberson based on his alleged warrantless arrest without probable cause in

25   violation of the Fourth Amendment and therefore denied Defendants' motion to dismiss that

26   claim. To the extent Defendants' motion to dismiss seeks to dismiss this aspect of the second

27   cause of action asserted against Officer Roberson, that motion is denied and the claim remains.

28

United States District Court
Northern District of California

### 3.      The Other Section 1983 Claims Against Officer Roberson Are Dismissed.

The Court previously dismissed all of the other Section 1983 claims against Officer Roberson. The Court did not grant Mr. Lee leave to amend his claims based on evidentiary misconduct or the class-of-one equal protection claim. These remain dismissed. The Court did grant leave to amend with respect to some of Mr. Lee's other claims based on other constitutional violations. In his amended complaint, however, Mr. Lee has not added specific factual allegations sufficient to state such claims.

The Court granted Mr. Lee leave to amend to plead an equal protection claim based on intentional racial discrimination, and concluded that although allegations of other constitutional violations—including witness tampering, false imprisonment, confessed coercion, biased investigation, abuse of power, and abuse of process—were conclusory, Mr. Lee would be permitted to amend those claims as well. Upon careful review of Mr. Lee's amendments, however, there are no new factual allegations sufficient to plausibly state any of these claims. To paragraph 26, for example, Mr. Lee has added an allegation that "[a]s I was already under the threat of force contributed by officer Roberson's behavior, officer Roberson in effect was compelling my false confession in exchange for a release from a detainment." As before, this assertion is conclusory. To paragraph 66, Mr. Lee has added an allegation that "[a]nother police officer whose identify is unknown to me unlawfully deprived of my constitutional rights through witness tampering." But this alleged misconduct does not support a claim against Officer Roberson, and Section 1983 does not create respondeat superior liability against the City for this unknown officer's actions. Accordingly, except for the arrest claim discussed above, the Section 1983 claims against Officer Roberson are dismissed without further leave to amend.

Finally, Defendants move to strike Mr. Lee's factual allegations that Officer Roberson engaged in evidentiary misconduct. Defendants are correct that the Court has dismissed some of the legal claims that are based on these allegations. But Defendants have again not shown that these allegations could not possibly relate to any part of the subject matter of this case, nor have they suggested prejudice would result from leaving them in. The motion to strike paragraphs 29–31, 66–68, and 71 is therefore denied.

United States District Court
Northern District of California

1

**C.**     **The *Brady* Claims Against the City and Officer Roberson Are Dismissed.**

2
Mr. Lee's third cause of action against both the City and Officer Roberson is for a *Brady*

3
violation. Previously, the Court dismissed the *Brady* claim against Officer Roberson without leave

4
to amend (finding it duplicative of the Section 1983 evidentiary claims against Officer Roberson

5
in the second cause of action) and dismissed the *Brady* claim against the City with leave to amend

6
because the prior complaint did not establish the necessary *Monell* elements.

7
In his opposition, Mr. Lee takes issue with the dismissal of his *Brady* claim against Officer

8
Roberson and requests reconsideration. As an initial matter, the Local Rules required Mr. Lee to

9
seek leave to file a motion for reconsideration rather than raising it in opposition to the present

10
motion to dismiss. Regardless, such a motion would be futile. The Court previously concluded that

11
Mr. Lee's allegations that Officer Roberson discussed the cell phone video while his bodycam was

12
recording, and that the video was later acquired by the District Attorney, contradicted the

13
proposition that Officer Roberson disregarded or was deliberately indifferent to Mr. Lee's rights or

14
the truth. Mr. Lee still alleges that Officer Roberson viewed the cell phone video and was recorded

15
on his bodycam discussing its contents. But Mr. Lee has now changed some of the other

16
allegations regarding the video. He now claims in paragraph 29 that the District Attorney "was

17
never aware of the existence of such cell videos." And he also now alleges that Officer Roberson

18
"in 'bad faith' concealed or destroyed the video." These new allegations, however, are

19
contradicted by allegations earlier in the amended complaint that the cell phone video "was finally

20
produced," and that during the hearing the prosecutor said she had learned that the alleged victim

21
"still had the cell videos in his cell phone." The complaint also states that the police report on this

22
incident mentioned the fact that the alleged victim recorded the events. Accordingly, the Court

23
finds no justification for reconsidering its previous conclusion.

24
Further, the amended complaint still does not state a *Brady* claim against the City because

25
Mr. Lee has not satisfied *Monell*. In particular, the complaint still does not allege that any

26
evidentiary failures were the result of a City policy or custom. Accordingly, the *Brady* claims

27
against both defendants are dismissed without further leave to amend.

28
While the legal claims are dismissed, the factual allegations in paragraphs 73–84 might

United States District Court
Northern District of California

7

United States District Court
Northern District of California

1   still relate to the case and Defendants have not shown that they will be prejudiced if the allegations

2   remain. Accordingly, for the same reasons discussed above, the Court will not strike them.

3       **D.    The State Law Malicious Prosecution Claim Is Dismissed.**

4       Mr. Lee's fourth cause of action is a state law malicious prosecution claim against the City

5   and Officer Roberson. The Court previously dismissed this claim without leave to amend, and it

6   remains dismissed. As with the other claims, though, the factual allegations contained in

7   paragraphs 85–97 may still be potentially relevant to the Section 1983 malicious prosecution claim

8   or to others, and Defendants have not met their burden of showing the allegations could have no

9   possible bearing on the case. The Court therefore declines to strike these paragraphs.

10      **E.    The Section 1983 Malicious Prosecution Claim May Proceed Against Officer
              Roberson But Not Against the City.**

11

12      Mr. Lee's fifth cause of action is a newly added Section 1983 malicious prosecution claim

13  against the City and Officer Roberson, which the Court previously granted Mr. Lee leave to add.

14  The amended complaint states a claim against Officer Roberson but not against the City.

15          **1.    The Claim Against the City Is Dismissed.**

16      As with the other Section 1983 claims, the City is not liable for constitutional rights

17  violations on a respondeat superior basis. To hold the City liable under *Monell*, Mr. Lee must first

18  show that his rights were violated as a result of an official policy or unwritten custom. *See*

19  *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1153 (9th Cir. 2021). Here, Mr. Lee makes no

20  allegation that the allegedly malicious prosecution was undertaken in accordance with any City

21  policy or custom. Instead, he asserts that Officer Roberson was acting "under the employment of

22  the City" and that "defendants were actively involved in causing me to be arrested and prosecuted

23  … without probable cause." These assertions are insufficient to hold the City liable under *Monell*

24  because they do not allege any policy or custom that led to the malicious prosecution. This claim

25  against the City is therefore dismissed without leave to amend.

26          **2.    The Claim Against Officer Roberson May Proceed.**

27      Defendants have not moved to dismiss the Section 1983 malicious prosecution claim

28  against Officer Roberson. That claim may proceed.

8

**IV.     Conclusion**

For the reasons set forth above, the following claims remain and may proceed:

- False arrest claims against the City (First Cause of Action)

- Section 1983 arrest claim against Officer Roberson (Second)

- Section 1983 malicious prosecution claim against Officer Roberson (Fifth).

All other claims are dismissed without leave to amend. Defendants' motion to strike is denied.

The Court informs Mr. Lee that the Federal Pro Se Program at the San José Courthouse provides free information and limited-scope legal advice to pro se parties in federal civil cases. The Program can help determine whether cases might be eligible for appointment of pro bono counsel and can provide referrals to other legal services. Appointments can be made by calling (408) 297-1480. More information is available online at cand.uscourts.gov/helpcentersj.

**IT IS SO ORDERED.**

Dated: November 8, 2023

_____
P. Casey Pitts
United States District Judge