UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JIMMY K LEE,<br><br>        Plaintiff,<br><br>v.<br><br>CITY OF SAN JOSE, et al.,<br><br>        Defendants. | Case No. 23-cv-00778-PCP (VKD)<br><br>**ORDER RE DISCOVERY DISPUTE RE DEPOSITION OF NON-PARTY JOHN WIKTOROWICZ**<br><br>Re: Dkt. Nos. 78, 80 |

Plaintiff Jimmy Lee and defendants City of San Jose and Officer Michael Roberson, together with non-party John Wiktorowicz, ask the Court to resolve their dispute regarding Mr. Lee's deposition of Dr. Wiktorowicz. *See* Dkt. Nos. 78, 80. The Court finds this dispute suitable for resolution without oral argument. *See* Civil L.R. 7-1(b).

For the reasons explained below, the Court permits the untimely submission of this dispute, but denies the relief Mr. Lee requests.

**I.     BACKGROUND**

In December 2019, Mr. Lee was involved in an altercation with Dr. Wiktorowicz in a Home Depot parking lot in San Jose. Dkt. No. 32 ¶ 14. Officers from the San Jose Police Department arrived at the scene, and Officer Roberson arrested Mr. Lee for making a death threat and for assault in violation of California Penal Code §§ 422(a) and 245(a)(1). *Id.* ¶¶ 54, 99. The Santa Clara County district attorney charged Mr. Lee with making a death threat against Dr. Wiktorowicz. *Id.* ¶ 99. That charge was dismissed in October 2021. *Id.*

In this action, Mr. Lee asserts claims for false arrest (i.e., arrest without probable cause) against both defendants, and a claim for malicious prosecution against Officer Roberson. *See* Dkt.

1  No. 32 (claims 1, 2, and 5); Dkt. No. 44.

2  The parties agreed that Dr. Wiktorowicz's deposition would be conducted at the federal courthouse in San Jose on July 8, 2024, beginning at 10:30 a.m. and concluding no later than 4:00 p.m. Dkt. Nos. 62, 64. On that date, Dr. Wiktorowicz appeared for his deposition,[1] apparently without counsel, and was questioned first by counsel for defendants and then by Mr. Lee, who is representing himself. Dkt. No. 78 at 5. Dr. Wiktorowicz objected to and refused to answer several of Mr. Lee's questions, and Mr. Lee now seeks an order compelling him to answer those questions in a further deposition. *Id.* at 2-4. Defendants and Dr. Wiktorowicz oppose this request. *Id.* at 4-7; Dkt. No. 80.

## II.  DISCUSSION

The parties' submission requires the Court to resolve two issues: (1) whether the dispute is timely presented to the Court; and (2) whether the Court should require Dr. Wiktorowicz to answer nine questions Mr. Lee posed to him during his July 8, 2024 deposition.

### A.  Timeliness

Defendants argue that the Court need not consider Mr. Lee's request for a further deposition of Dr. Wiktorowicz because he did not present the dispute for resolution within 7 days of the July 19, 2024 deadline to complete fact discovery, as required by Civil Local Rule 37-3. Dkt. No. 78 at 4-5. Mr. Lee responds in a separate declaration appended to the discovery dispute letter that he did not have a transcript of Dr. Wiktorowicz in time to complete the discovery dispute letter by July 26, 2024, and that he believed counsel for defendants agreed with him that waiting for the transcript was desirable. Dkt. No. 78-2 ¶¶ 3-6.

Defendants are correct that the discovery dispute letter was not filed until 4 days after the deadline set by Civil Local Rule 37-3. *See* Dkt. 27 (setting deadline to complete fact discovery). If Mr. Lee believed having a deposition transcript was necessary to resolution of this dispute, he should have filed a motion asking the Court to extend the dispute filing deadline before the deadline passed. However, in view of Mr. Lee's explanation for the short delay in filing the

---

[1] It is not clear whether Mr. Lee or defendants issued a subpoena under Rule 45 to compel Dr. Wiktorowicz's deposition, or whether he testified without a subpoena.

United States District Court
Northern District of California

dispute letter, the absence of any apparent prejudice to defendants, and in consideration of Mr. Lee's *pro se* status, the Court will consider the dispute on its merits.

### B. Questions Posed to Dr. Wiktorowicz

Mr. Lee identifies nine questions from Dr. Wiktorowicz's deposition that he says the witness did not answer but should be required to answer. These questions are reflected in the deposition transcript excerpts attached as Exhibits A, C, D, E, F, G, H, J, and K.[2] Dkt. No. 78 at 2-4. For purposes of this motion, the Court labels these questions Q1-Q9, as shown below.

With some exceptions, the examination of a deposition witness proceeds as it would at trial under the Federal Rules of Evidence. Fed. R. Civ. P. 30(c)(1).[3] A witness may not refuse to answer questions in a deposition except to preserve a claim of privilege. Fed. R. Civ. P. 30(c)(2). A party or witness may object to a question or another aspect of a deposition, but "the examination still proceeds [and] the testimony is taken subject to any objection." *Id.* However, a party or witness may terminate a deposition in order to seek a protective order limiting the scope of the examination under Rule 30(d)(3). *Id.*; Fed. R. Civ. P. 30(d)(3) (permitting motion to terminate or limit deposition if it is "being conducted . . . in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party."). Further, all discovery, including deposition discovery, is governed by Rule 26(b)(1), which limits discovery to nonprivileged matters that are relevant to a party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P 26(b)(1).

None of the questions at issue concern matters of privilege. Thus, Dr. Wiktorowicz was required to answer these questions, subject to any objections, unless he or defendants obtain a protective order limiting the scope of Mr. Lee's examination.

#### 1. Questions about Mr. Wiktorowicz's own statements

With respect to three of the nine questions at issue, the parties disagree about whether Dr. Wiktorowicz properly refused to answer questions about statements he made to the police about

---

[2] The deposition excerpts in Exhibits B and I are cited by Mr. Lee as support for his contentions as to the other questions. *See* Dkt. No. 78 at 2, 4.

[3] As this case is in federal court, the California Code of Civil Procedure (to which Mr. Lee refers) does not apply. Depositions in federal cases are governed by the Federal Rules of Civil Procedure.

3

the altercation in December 2019, nearly five years before the date of the deposition. According to the parties, all of the statements to which these questions refer were recorded at the scene. Dkt. No. 78 at 6. The specific questions are as follows:

**Q1** "Here's my question: You told the police, 'Okay. That's great. I have a real character here. And I thought, you know, I'm gonna – I'm gonna call the police because the guy is out of control. And that's when the two guys came, and I was here.' I did not mean that you were there with the police. Did you tell the police, 'And that's why – when two guys came, and I was here.'?" Dkt. No. 78-1, Ex. A (115:5-12).

**Q3** "Did you tell the police that, 'I got confirmation that you were coming out. Brandon came over. I stood there, and I was talking. He came out. I was – I came out of the car.'?" *Id.*, Ex. D (125:19-22).

**Q4** "So you're saying this is not true? Okay. This statement, 'And – and – and then he start, pissed off, agitated, quote, "I'm going to sue you",' end quote. You never told the police that?" *Id.*, Ex. E (128:21-24).

In each of these questions, Mr. Lee asked Dr. Wiktorowicz to confirm whether he made specific statements to the police. Each statement appears to be a quote from a transcript of a recording, but Mr. Lee refused to share a copy of the transcript with the witness, while demanding a definitive, "yes" or "no," answer about whether Dr. Wiktorowicz made the specific statement quoted in each question. Mr. Lee argues that he was entitled to question Dr. Wiktorowicz in this manner because the Federal Rules of Evidence do not permit the use of a "recorded recollection" unless an appropriate exception to the rule against hearsay is established. *See id.* at 2 (citing Fed. R. Evid. 803(5)). Defendants respond that these questions are "objectionable" and "improperly phrased," presumably because Mr. Lee failed to provide a copy of the transcript to the witness, but they do not further elaborate on the bases for their objections. *See id.* at 6-7. Dr. Wiktorowicz responds to Mr. Lee's argument as follows:

> I objected to inquiries that required me to confirm statements
> alleged by the plaintiff to have been made by me at various times

4

> during the incident because the plaintiff had failed to provide me with a copy of the official, certified transcript of the attending officer's records.  Since I was under oath, and the plaintiff was not, I could not confirm the veracity of the plaintiff's reading of my alleged response.

Dkt. No. 80.

Mr. Lee's reliance on Rule 803(5) of the Federal Rules of Evidence is misplaced, as his questioning of Dr. Wiktorowicz does not implicate the admissibility of the recording (or transcript) in question.  Nevertheless, it is entirely proper for a party, such as Mr. Lee, to ask a witness to testify in a deposition about the witness's unrefreshed recollection of an event.  However, this is not a fair description of Mr. Lee's questioning.  Each of the three questions identified above was preceded by *another* question or questions in which Mr. Lee asked Dr. Wiktorowicz about what he said to the police in a more open-ended fashion, and the witness responded, variously, by providing his present recollection or stating that he either does not know, does not recall, or cannot answer without some additional context.  *See* Dkt. No. 78, Ex. A (114:4-16), Ex. D (125:4-13), Ex. E (128:2-20).  Only then did Mr. Lee press Dr. Wiktorowicz to agree or disagree with Mr. Lee's apparently verbatim recitation of material quoted from a transcript, which the witness refused to do without an opportunity to review the transcript or the recording himself.

The Court has carefully reviewed the deposition excerpts attached to the discovery dispute letter and finds that further deposition on these three questions is not warranted.  Having obtained Dr. Wiktorowicz's testimony describing his unrefreshed recollection about the contents of his own statements, it was unreasonable and improper for Mr. Lee to then insist that the witness confirm or deny that a transcript says what it says (or accurately reflects what is in a recording) without affording the witness access to either the transcript or the recording.  More importantly, if a recording and/or an accurate transcript exists of the statements Dr. Wiktorowicz made at the time, it is unnecessary and disproportionate to the needs of this case for Mr. Lee to seek additional deposition testimony for the sole purpose of requiring Dr. Wiktorowicz to agree that the recording or transcript indeed contains those statements.

For these reasons, the Court denies Mr. Lee's demand for a further deposition of Dr. Wiktorowicz regarding Q1, Q3, and Q4.

**2.      Questions about other witnesses' statements**

With respect to three other questions at issue, the parties disagree about whether Dr. Wiktorowicz properly refused to answer questions about statements made by two other witnesses the December 2019 altercation, as well as his location during one of those statements, as reflected in a recording or recordings made of the incident. Dkt. No. 78 at 3-4, 7. The specific questions are as follows:

Q6    "So can you explain why the body cam would show your face – [interruption] – when you were not there?" *Id.*, Ex. G (161:11-12).

Q7    "She [Ms. Coakley] told the police, 'So then I came. He went back to his car and get this pipe, a PVC pipe. Then I came around and rolled down my window and said, "If you don't stop, I'm calling the police."' Now if that's true, wouldn't that be a false statement to the police? Because your testimony was that I went to hit your car window with a pipe, but she's giving a totally different statement. . . . I just read her statement, and I asked you, 'Is it a false testimony?'" *Id.*, Ex. H (163:25-164:7, 165:12-13).

Q8    "Thompson said, 'No, not that I did not hear or see,' when he was being questioned about me making a threat to you. Do you agree with that?" *Id.*, Ex. J (168:10-13).

In each of these questions, Mr. Lee asks Dr. Wiktorowicz to confirm whether another person (i.e., witnesses Coakley and Thompson) made a specific statement to the police and whether Dr. Wiktorowicz appears on the recording at the time of one of the statements. As with questions concerning Dr. Wiktorowicz's own statements, in Q7 and Q8 Mr. Lee appears to quote from a transcript of a recording, but he refused to share a copy of the transcript with the witness. In Q6, Mr. Lee appears to refer to an image from a body worn camera video depicting the witness, but he refused to share the video with Dr. Wiktorowicz during the deposition. Mr. Lee argues again that he was entitled to question Dr. Wiktorowicz in this manner because the Federal Rules of Evidence do not permit the use of a "recorded recollection." *See id.* at 3-4. Defendants respond similarly that these questions are "objectionable" and "improperly phrased" on the same grounds as for Q1, Q3, and Q4, *see id.* at 7, and Dr. Wiktorowicz also makes the same objections as before,

1   *see* Dkt. No. 80.

2         The Court has carefully reviewed the deposition excerpts attached to the discovery dispute
3   letter. With respect to Q6, the relevant excerpt reflects that Mr. Lee had ample opportunity to ask
4   Dr. Wiktorowicz about where he was when a particular statement was made, but Mr. Lee persisted
5   beyond such questioning in asking Q6, which literally asks the witness to explain why a recording
6   shows something about Dr. Wiktorowicz's location without showing the recording to him. The
7   Court concludes that it is unnecessary and disproportionate to the needs of this case for Mr. Lee to
8   seek additional deposition testimony for the sole purpose of requiring Dr. Wiktorowicz to agree or
9   disagree that the recording shows what it shows. Similarly with respect to Q7 and Q8, the relevant
10  excerpts reflect that Mr. Lee had an opportunity to question, and did question, Dr. Wiktorowicz
11  about his recollection of the incident, but then Mr. Lee insisted that Dr. Wiktorowicz also state
12  whether he agrees that two other witnesses' recorded statements to the police were "false
13  testimony." Dkt No. 78, Ex. H (163:3-165:13), Ex. J (167:1-12). Regarding Q7, Dr. Wiktorowicz
14  answered that the statement Dr. Lee quoted is not consistent with his own recollection, but that
15  "she [witness Coakley] can say whatever she wants." *Id.*, Ex. H (165:4-8). Regarding Q8, Dr.
16  Wiktorowicz answered that he simply does not know what witness Thompson heard or saw or
17  said, and therefore cannot agree or disagree with the quoted statement or whether witness
18  Thompson was being truthful. *Id.*, Ex. J (167:17-168:24). Having obtained such testimony, it was
19  unreasonable and improper for Mr. Lee to then insist that Dr. Wiktorowicz agree or disagree with
20  Mr. Lee's characterization of other witnesses' statements as "false testimony," and it would be
21  disproportionate to the needs of this case for Mr. Lee to seek additional deposition testimony for
22  the sole purpose of requiring Dr. Wiktorowicz to answer such questions.

23        For these reasons, the Court denies Mr. Lee's demand for a further deposition of Dr.
24  Wiktorowicz regarding Q6, Q7, and Q8.

25        **3.    Other questions**

26        Additionally, Mr. Lee asks the Court to order Dr. Wiktorowicz to answer three other
27  questions, reproduced below.

28        **Q2**   "What I'm asking you is – so it took 12 seconds between I hit the car with [sic] hands

1        and the time that I returned to try to hit your car with the pipe?  Was it 12 seconds

2        long?  Dkt. No. 78, Ex. C (120:15-18).

3    Mr. Lee argues that Dr. Wiktorowicz "seem[s] to have suggested that the entire alleged assault occurred during the beginning 16 seconds of [the audio recording of the police dispatch call]," and that he is entitled to obtain the witness's "estimates on timing." *Id*. at 2.  Defendants and Dr. Wiktorowicz respond that Dr. Wiktorowicz answered Mr. Lee's questions to the best of his ability based on his memory of the incident.  *Id.* at 7; Dkt. No. 80.  Having reviewed the transcript excerpt attached to the discovery dispute letter, the Court agrees that Dr. Wiktorowicz fairly answered Mr. Lee's questions about what he recalls occurred and the sequence of events. Dkt. No. 78, Ex. C (120:5-14).  When asked how long those events took, he answered that he does not know, and explained why he could provide a more precise answer.  *Id.*, Ex. C (120:15-24, 123:21-124:19).  Having obtained this testimony, Mr. Lee's follow up questions, such as requiring the witness to agree or disagree about the precise duration of the events, were duplicative and unreasonable.

**Q5**    "So at what point in time during the cell video Brandon told you that he heard the threat?"  *Id.,* Ex. F (149:3-4).

Referring to a video recording Dr. Wiktorowicz made on his own cell phone, Mr. Lee argues that Dr. Wiktorowicz should be required to watch the video and answer Q5.  *Id.* at 3. Defendants and Dr. Wiktorowicz respond that Dr. Wiktorowicz answered Mr. Lee's question to the best of his ability based on his memory of the incident.  *Id.* at 7; Dkt. No. 80.  The Court has reviewed the transcript excerpt attached to the discovery dispute letter.  That excerpt reflects that Dr. Wiktorowicz responded to Q5 by stating: "I can't recollect."  Having obtained that testimony, Mr. Lee appears to seek additional deposition testimony for the sole purpose of asking Dr. Wiktorowicz to testify that the video recording reflects a statement from "Brandon" at a particular point or timestamp in the video.  The Court is not persuaded that such testimony has any evidentiary value.

**Q9**    "So about the cell video.  Okay.  You sent your email to [the district attorney]. . . . When?"  Dkt. No. 78, Ex. K (171:3-8).

8

1    Referring again to the video recording Dr. Wiktorowicz made on his own cell phone, Mr.
2  Lee argues that Dr. Wiktorowicz did not answer Q9 in "good faith." *Id.* at 4. Defendants and Dr.
3  Wiktorowicz respond that Dr. Wiktorowicz answered Mr. Lee's question to the best of his ability
4  based on his memory of the incident. *Id.* at 7; Dkt. No. 80. The Court has reviewed the transcript
5  excerpt attached to the discovery dispute letter. That excerpt reflects that Dr. Wiktorowicz
6  responded to Q9 by stating: "I don't know what day it was. It was, obviously, before the
7  scheduled trial." Dkt. No. 78, Ex. K (171:14-15). Mr. Lee believes that Dr. Wiktorowicz should
8  be able to provide a better estimate, but that is not a sufficient justification for a further deposition
9  of this witness. Moreover, the Court is not persuaded that further testimony about the date of
10 transmission of the video recording to the district attorney has any evidentiary value.

### III.   CONCLUSION

For the reasons explained above, the Court denies Mr. Lee's demand for a further deposition of Dr. Wiktorowicz regarding the questions identified above as Q1-Q9, and concludes that Dr. Wiktorowicz is entitled to a protective order against further deposition on these questions.

**IT IS SO ORDERED.**

Dated: August 9, 2024

*Virginia K. DeMarchi*
Virginia K. DeMarchi
United States Magistrate Judge